UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAUNDRA FREEMAN,

    Plaintiff,

                                Case No. 2:18-cv-13720

                                Honorable George Carem Steeh

v.

                                Magistrate Anthony P. Patti

LEARNING CARE GROUP,

    Defendant.

| | |
|---|---|
| Alice B. Jennings (P29064)<br>Carl R. Edwards (P24952)<br>EDWARDS & JENNINGS, P.C.<br>Attorneys for Plaintiff<br>65 Cadillac Square, Ste. 2710<br>Detroit, MI  48226<br>(313) 961-5000<br>ajennings@edwardsjennings.com | Daniel J. Bretz (P34334)<br>Carly O. Machasic (P75572)<br>CLARK HILL PLC<br>Attorneys for Defendant<br>500 Woodward Avenue, Suite 3500<br>Detroit, Michigan 48226<br>(313) 965-8300<br>dbretz@clarkhill.com<br>cmachasic@clarkhill.com<br>Attorneys for Defendant |
| Jerome D. Goldberg (P61678)<br>JEROME D. GOLDBERG, PLLC<br>Attorney for Plaintiff<br>2727 Second Avenue, Suite 111<br>Detroit, MI  48201<br>(313) 393-6001<br>apclawyer@sbcglobal.net | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE MULTIPLE MOTIONS
FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56**

220872155.1 57989/323696

For the reasons stated in the attached Brief in Support, Defendant Learning Care Group, through its undersigned counsel, moves for leave to file more than one motion for summary judgment under Local Rule 7.1(b)(2).

Pursuant to Local Rule 7.1(a), on January 15, 16, and 22, 2019, counsel for the parties exchanged e-mails regarding the nature of this motion and its legal basis. Defendant requested but did not obtain concurrence in the relief sought.

DATE: January 22, 2018

By: *s/Carly O. Machasic*
Daniel J. Bretz (P34334)
Carly O. Machasic (P75572)
Attorneys for Defendant
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
313.965.8300
dbretz@clarkhill.com
cmachasic@clarkhill.com

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE MULTIPLE MOTIONS FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56

This is an employment case. Plaintiff Saundra Freeman is a former employee of Defendant. She was terminated on May 25, 2018, when she could not return to work at Defendant's Novi offices following an extended medical leave of absence. Plaintiff's three-count Complaint alleges claims against Defendant for violations of the Americans With Disabilities Civil Rights Act ("ADA") and the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA")(Counts I and III) and for retaliation in violation of the Family and Medical Leave Act (Count II).

As a threshold matter, Plaintiff's ADA and PWDCRA claims should be dismissed as untimely. When hired, Plaintiff agreed to bring "any lawsuit or other claim against the Company…" within 180 days "after the occurrence of any act allegedly giving rise to such lawsuit or claim…" *[Ex. 1].* According to Plaintiff's Complaint, Plaintiff was terminated on May 25, 2018, making November 21, 2018 the latest she could file "any lawsuit or other claim against the Company." Plaintiff did not file the instant lawsuit until November 29, 2018 – eight days late. She is now contractually barred from bringing her claims under the ADA and PWDCRA. *See e.g. Steward v. DaimlerChrysler Corp.*, 533 F.Supp.2d 717 (E.D. Mich. 2008).

Although timeliness is generally a threshold procedural issue, Defendant must file a motion for summary judgment under Fed. R. Civ. P. 56 because its

3

defense relies on documents and information outside the initial pleadings (i.e., Ex. 1, Plaintiff's agreement). Local Rule 7.1(b)(2) requires that "[a] party must obtain leave of court to file more than one motion for summary judgment." Defendant anticipates filing a motion for summary judgment on the merits of any remaining claims at the close of discovery. As a result, Defendant seeks leave to file two motions for summary judgment in this case.

This issue of timeliness is ripe for decision by the Court at this early juncture in the case. Whether a claim is timely is a procedural issue and does not require discovery. If Defendant is not permitted to file the proposed motion at this stage, Defendant will be required to needlessly litigate and engage in discovery on otherwise untimely claims. Plaintiff's ADA and PWDCRA claims involve different theories of liability, burdens of proof, and defenses than Plaintiff's FMLA claim. Plaintiff's ADA and PWDCRA claims will also likely involve different documents and fact and expert witnesses. Such voluminous discovery can be avoided if the untimely claims are dismissed at this early stage of litigation.

For the reasons stated above, Defendant respectfully requests that this Honorable Court grant leave for it to file its Motion for Summary Judgment seeking to dismiss Counts I and III of Plaintiff's Complaint as untimely, as well as another Motion for Summary Judgment on the merits of any remaining claims at the close of discovery.

220872155.1 57989/323696

<table>
<tr><td>DATE: January 22, 2018</td><td>By: <i><u>s/Carly O. Machasic</u></i><br>Daniel J. Bretz (P34334)<br>Carly O. Machasic (P75572)<br>Attorneys for Defendant<br>500 Woodward Avenue, Suite 3500<br>Detroit, Michigan 48226<br>313.965.8300<br>dbretz@clarkhill.com<br>cmachasic@clarkhill.com</td></tr>
</table>

220872155.1 57989/323696

## **CERTIFICATE OF SERVICE**

The undersigned certifies that she electronically filed the foregoing document with the Clerk of the Court through means of the Case Management Electronic Filing System on January 22, 2019, who sent notification of such filing to all parties and/or attorneys of record for all parties, to the above case at their respective addresses and as indicated on the pleadings.

*s/Carly O. Machasic*
Carly O. Machasic

220872155.1 57989/323696