UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAUNDRA FREEMAN,

        Plaintiff,

                                      Case No. 18-CV-13720

vs.

                                      HON. GEORGE CARAM STEEH

LEARNING CARE GROUP,

        Defendant.
_____/

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 10]

Plaintiff Saundra Freeman filed this action under the Americans with Disabilities Act of 1990 ("ADA"), the Persons with Disabilities Civil Rights Act ("PWDCRA"), and the Family and Medical Leave Act ("FMLA"). Her complaint asserts unlawful termination, hostile work environment, disparate treatment and denial of a reasonable accommodation under the ADA and PWDCRA, as well as various violations of the FMLA. The matter is before the court on defendant Learning Care Group's motion for partial summary judgment on the basis that plaintiff's claims under the ADA and the PWDCRA are untimely under the terms of her employment contract.

Plaintiff's FMLA claim is not challenged in defendant's motion for partial summary judgment.

The parties appeared before the court for oral argument on May 16, 2019. At oral argument plaintiff's counsel conceded plaintiff is not pursuing her state law PWDCRA claim. For the reasons stated below, defendant's motion for partial summary judgment is granted in part and denied in part.

## FACTUAL BACKGROUND

Plaintiff began her job as an Accounts Receivable Specialist with defendant on September 4, 2007. At that time, plaintiff signed a Non-Solicitation and Confidentiality Agreement ("Agreement") whereby she agreed to file any lawsuit or claim she had against defendant within 180 days of the occurrence giving rise to such claim. The Agreement provides in relevant part:

> I agree that I may not assert any lawsuit or other claim against the Company, or one of its employees or former employees, beyond the sooner of the applicable statute of limitations or 180 days after the occurrence of any act allegedly giving rise to such lawsuit or claim to the extent permitted by law.

On December 1, 2015, defendant began a renovation of its offices. Plaintiff alleges that the renovation aggravated her pre-existing respiratory medical condition, causing her to experience shortness of breath. While

the renovation was taking place, plaintiff was granted various accommodations, including a medical leave of absence under the FMLA and the ability to work remotely from home. The office renovation was completed on August 25, 2017 and plaintiff was instructed to return to work at the office on August 28, 2017. Plaintiff did return to the office but continued to experience breathing problems. Plaintiff submitted medical documentation seeking an accommodation to allow her to continue to work remotely. On November 3, 2017, plaintiff was informed that her accommodation was denied. From November 3, 2017 until March 2018, plaintiff periodically attempted to work in the office, but alleges she became ill on each attempt. Plaintiff used FMLA leave to cover her time off work, but her FMLA leave ran out on March 2, 2018. Plaintiff's request to extend her FMLA leave was denied and on May 25, 2018 defendant terminated plaintiff's employment.

Plaintiff filed a charge of discrimination with the EEOC on January 29, 2018. The charge identified November 3, 2017, the date plaintiff was denied an accommodation, as the date discrimination took place. On May 17, 2018, plaintiff sent the EEOC an email stating that she anticipated she would be terminated, and she wanted to amend her charge to add counts

of wrongful termination and retaliation in violation of the ADA. On May 29, 2018, the EEOC sent plaintiff an email explaining that if she is actually discharged and wants to file a charge alleging that her discharge was due to filing a prior EEOC charge or due to her disability, "then please return the attached Pre-Charge Inquiry." (ECF No. 12, Ex. 4). Plaintiff did not file any further documentation relative to her termination.

The EEOC issued a Dismissal and Right to Sue Notice ("Notice") to plaintiff on August 30, 2018. Plaintiff received the Notice on or about September 1, 2018. Plaintiff filed her complaint in this case on November 29, 2018.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored

procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Tolan v.* Cotton, 572 U.S. 650, 660 (2014); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

## ANALYSIS

I. <u>Failure to Exhaust Administrative Remedies Regarding Termination and Harassment/Hostile Work Environment Claims</u>

In Count I of her complaint, plaintiff alleges violations of the ADA arising from her termination, a hostile work environment, disparate treatment, and denial of a reasonable accommodation. The ADA requires exhaustion of administrative remedies before a lawsuit can be maintained. To exhaust administrative remedies, a separate EEOC charge must be filed for each unlawful employment practice. *Nat'l R.R. Passenger Corp. v.*

*Morgan*, 536 U.S. 101, 113-14 (2002).  Discrete acts, such as termination, failure to promote, denial of transfer, or refusal to hire constitute separate unlawful employment practices and are not actionable if time-barred, "even when they are related to acts alleged in timely filed [EEOC] charges." *Id.* at 113.  "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.*  Therefore, any allegation of a discrete act in violation of the ADA that was not included in plaintiff's EEOC charge has not been exhausted and may not be pursued in this lawsuit.

Plaintiff filed her EEOC charge on January 29, 2018.  The stated basis of plaintiff's EEOC charge was the denial of a reasonable accommodation of her disability on November 3, 2017.[1]  Plaintiff contends that she later amended her EEOC charge in two emails sent to Alexa Moore, the EEOC investigator assigned to her initial claim.  On May 17, 2018, plaintiff informed Moore via email that she would like to amend her charge to include retaliation and wrongful termination.  The email explained that defendant told her that her non-FMLA leave would expire on May 25, 2018.  The email continued:

---

[1] Plaintiff also claimed discrimination based on her race, but she is not pursuing that claim in this lawsuit.

> They have also stated that in order to continue my employment I would be required to officially apply for a different position by May 21, 2018; they have made it clear that any position I apply to must be performed at the office. They are aware and have documentation on file that I am not physically capable of working in the office.
>
> I would like to amend my charge and include:
>
>   1. retaliation
>   2. wrongful termination.
>
> Please let me know how to proceed to include this new development to the original charge. (Doc. 12, Ex. 4)

On May 29, 2018, Moore responded to plaintiff by informing her how to pursue a charge related to her original charge:

> I am following up on the voicemail I left on May 24, 2018 informing you that as of that date you had not suffered a new employment harm. If you have been discharged since then (as it is after May 25, 2018 and thus after your FMLA has expired) and wish to file a charge alleging you were discharged due to filing a prior EEOC charge and/or due to your disability, then please complete and return the attached Pre-Charge Inquiry. *Id.*

Moore thus makes it clear to plaintiff that she must take further action if she wants to pursue a claim related to a discharge. Moore also informs plaintiff that defendant indicated an interest in pursuing a possible settlement and asks plaintiff to provide her demands if she is similarly interested in settling.

Plaintiff replied to Moore on June 4, 2018 that she was in fact terminated on May 25, 2018, and that she was able to review the attached pre-charge forms. However, plaintiff did not submit any completed forms. Rather, she indicated she was "interested in the companies [sic] response to the initial charges." *Id.*

A charge may be amended by submission of "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. . . . [A]mendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." 29 C.F.R. § 1601.12(b).

Here, plaintiff stated in her email that she wanted to amend her charge to include retaliation and wrongful termination and inquired "how to proceed to include this new development to the original charge." But when she was told how to do so she did not take the required action. Instead she indicated that she was interested in hearing the defendant's response to the initial charge. While plaintiff did make the EEOC investigator aware that she had been terminated, she did not file a charge as required by statute and as instructed by the EEOC investigator. There is no evidence

that the EEOC investigated plaintiff's claim that she was termination in retaliation for making a request for accommodation or due to her disability, which is further evidence that the EEOC did not consider plaintiff to have amended her initial charge. The fact that the EEOC did not consider the charge to have been amended adds support to defendant's position. The court concludes that plaintiff did not effectively amend her EEOC charge.

II. 180-Day Contractual Limitations Period

Under Michigan law, an employee may contract for a shorter period of limitations than that provided by civil rights statutes. The Michigan Supreme Court has held that "an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." *Rory v. Continental Ins. Co.*, 473 Mich. 457, 470 (2005).

The issue in this case focuses on the interplay between the 180-day contractual limitations period governing the parties in this case and the ADA's requirement that an employee first file a charge with the EEOC and wait until she receives a Notice of Right to Sue before she can file a lawsuit. On the one hand, the parties agreed to a 180-day limitations period for plaintiff to file a claim or lawsuit arising out of her employment.

On the other hand, a plaintiff wishing to file a private lawsuit seeking relief under the ADA must first exhaust administrative remedies by filing a charge with the EEOC within 180-days after the alleged unlawful employment practice. 42 U.S.C. § 2000e-5. The filling of an EEOC charge automatically gives the EEOC a period of exclusive jurisdiction over the subject matter of the charge. It also gives the EEOC the power to bring its own lawsuit upon finding reasonable cause to believe the charge is true.

In *Steward v. DaimlerChrysler Corp.*, 533 F. Supp. 2d 717 (E.D. Mich. 2008), the plaintiff agreed to bring "any claim or lawsuit relating to my service" "no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit." Id. at 718. The events forming the basis of plaintiff's claim arose prior to February 5, 2005. Plaintiff filed an EEOC charge on March 16, 2005. She received a Dismissal and Notice of Right to Sue from the EEOC in May 2005. Plaintiff filed her lawsuit on August 5, 2005, more than six months after most of the alleged unlawful employment actions occurred. The court held that because the plaintiff received her EEOC Notice and still had the opportunity to file her suit within the six month limitations period, she was required to do so. *Id.* at 722. The court granted defendant's motion for summary

judgment to exclude any factual allegations relating to her disability claims that occurred prior to February 5, 2005 as time-barred.

The case of *Salisbury v. Art Van Furniture*, 938 F.Supp. 435 (W.D. Mich. 1996) involved a timeline distinguishable from that in *Steward*. In *Salisbury*, the plaintiff filed a timely EEOC charge and did not receive a Right to Sue Letter for more than six months. The court emphasized that in ADA cases a Right to Sue Letter is a prerequisite to filing a lawsuit, and the EEOC enjoys exclusive jurisdiction while it is investigating a claim. The court refused to enforce the six month contractual limitation period where its application would effectively abrogate a claimant's right to file a lawsuit. *Id.* at 437-38.

In this case, the events giving rise to plaintiff's ADA claim took place between November 3, 2017, when her request for an accommodation was denied, and May 25, 2018, when she was terminated. Plaintiff filed her EEOC charge on January 29, 2018, prior to her termination. In her charge, plaintiff alleged a single violation of the ADA arising out of defendant's denial of an accommodation of plaintiff's disability on November 3, 2017. Plaintiff received her Right to Sue Letter on September 1, 2018.

The contractual limitations period expires 180 days after the employment act giving rise to the claim or lawsuit, which in this case occurred on November 3, 2017. The contractual limitations period would have expired on or about May 3, 2018. However, due to the EEOC's exclusive jurisdiction during the pendency of the charge, it was not possible for plaintiff to file a lawsuit by May 3, 2018. Plaintiff did not receive a Right to Sue letter from the EEOC until September 1, 2018. Therefore, this case is more like the facts of *Salisbury*. The court holds that equitable tolling applies to extend the contractual limitations period. *See id.*; s*ee also Logan v. MGM Grand Detroit Casino*, 299 F.Supp.3d 874 (E.D. Mich 2018) (dicta).

## CONCLUSION

Summary judgment is granted in part and denied in part as to plaintiff's ADA claim in Count 1. Plaintiff may not pursue her ADA claim based on her alleged illegal termination, hostile work environment or disparate treatment due to her disability because she failed to administratively exhaust those claims. Plaintiff may pursue her claim that she was denied a reasonable accommodation. Plaintiff also may not

pursue her claim of retaliation under the ADA in Count 4 because she did not exhaust that claim.

Plaintiff does not dispute that her claims under the PWDCRA, alleged in Count 3 and Count 4, are time-barred under the contractual limitations period.

Defendant does not move to dismiss plaintiff's Count 2 which alleges violations of the FMLA or Count 4 alleging retaliation under the FMLA.

For the reasons stated above, defendant's motion for partial summary judgment is GRANTED in part and DENIED in part.

Dated: May 23, 2019

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 23, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk