UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAUNDRA FREEMAN,

        Plaintiff,

vs.

Case No. 18-CV-13720

HON. GEORGE CARAM STEEH

LEARNING CARE GROUP,

        Defendant.
_____/

ORDER GRANTING PLAINTIFF'S MOTION
FOR RECONSIDERATION [ECF NO. 16]

This matter has come before the court on plaintiff Saundra Freeman's motion for reconsideration of this court's May 23, 2019 order granting in part defendant's motion for partial summary judgment [ECF No. 14]. For the reasons stated below, plaintiff's motion for reconsideration is GRANTED.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the

parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Plaintiff raises two palpable errors in her motion for reconsideration. First, that defendant waived its argument that plaintiff failed to exhaust administrative remedies with respect to her termination and harassment/hostile work environment claims because this argument was first raised in the reply brief. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). The second error is that plaintiff raised disparate treatment in her original EEOC complaint, therefore exhausting her administrative remedies.

In support of her first argument, plaintiff attaches her affidavit and several exhibits. One exhibit is a statement dated July 25, 2018 that plaintiff sent to the EEOC rebutting defendant's response to the discrimination charge and documenting how she believed her termination was a direct consequence of the failure to accommodate her disability. The statement predates the EEOC's issuance of a right to sue letter and plaintiff contends she "presumed" the statement would be used to amend her original EEOC Charge to include her termination. Plaintiff argues that because defendant raised a failure to exhaust regarding her termination for

the first time in its reply brief, plaintiff did not have the opportunity to respond to the argument.

Plaintiff's contention that defendant waived its exhaustion argument is not entirely accurate. Plaintiff raised the issue of amending the EEOC Charge in her response to defendant's motion which was premised on the contractual limitations period. The adequacy, or in this case the inadequacy, of the amendment was then rebutted by defendant in the reply brief. While the court had the benefit of some exhibits and plaintiff's oral response to defendant's argument, it is true that plaintiff did not have the opportunity to address defendant's exhaustion argument in writing or provide the exhibits now attached to the motion for reconsideration.

The court is cognizant that a self-serving affidavit, without support in the record, does not create a triable issue of fact. However, the court is given pause in that discovery may have an impact on the factual issue of whether plaintiff amended her EEOC Charge. Given the procedural posture of the case, the court grants plaintiff's motion for reconsideration regarding her ADA claims based on her termination and harassment/hostile work environment.

Plaintiff makes passing reference to a second palpable error regarding her disparate treatment claim under the ADA. Plaintiff argues

that she exhausted her disparate treatment claim because she identified two other employees who were permitted to work from home on a continuous basis, the accommodation plaintiff was requesting for her disability. Plaintiff's Charge includes the following statement on disparate treatment: "Subsequently, I have been denied the ability to work from home for general reasons, which is a benefit allowed to all other employees. I know of two Causasian employees who are allowed to work from home on a continuous basis."

Plaintiff's initial EEOC Charge includes claims of discrimination based on disability under the ADA and race under Title VII. While the description of plaintiff's claims indicates that her disparate treatment claim is based on race when she identifies the comparators by their race, the court reviewed the original motion, response and reply briefs and notes that neither party addressed plaintiff's disparate treatment claim. Therefore, the court should not have granted summary judgment as to that claim.

The court reinstates all of plaintiff's ADA claims in Count 1 and in Count 4 for retaliation under the ADA. The parties will be permitted to take discovery related to plaintiff's ADA and FMLA claims. Now, therefore,

IT IS HEREBY ORDERED that plaintiff's motion for reconsideration is GRANTED.

It is so ordered.

Dated: June 11, 2019

                                  s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 11, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk