UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAUNDRA FREEMAN,

    Plaintiff,

vs.

Case No. 18-CV-13720

HON. GEORGE CARAM STEEH

LEARNING CARE GROUP,

    Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR
CLARIFICATION OR RECONSIDERATION [ECF NO. 46]

This matter is before the court on plaintiff Saundra Freeman's motion for clarification or reconsideration of the court's order granting in part and denying in part defendant's motion for summary judgment (ECF No. 45). For the reasons stated below, plaintiff's motion is DENIED.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

In its order dated August 20, 2020, the court denied defendant's motion for summary judgment as to plaintiff's claims of disability discrimination and failure to accommodate under the ADA and granted defendant's motion as to plaintiff's hostile work environment claim under the ADA, plaintiff's FMLA interference claim and plaintiff's retaliation claims under the FMLA and the ADA. The court further found that because plaintiff had not amended her original EEOC charge on her ADA claims related to allegations of illegal termination, her termination claim was barred for failure to exhaust and time-barred under the 180-day contractual limitation period. Therefore, while plaintiff may pursue her disability discrimination and failure to accommodate claims under the ADA, she is limited to actions undertaken by defendant that were included in her EEOC charge. This means that plaintiff may not base her claims on things that occurred after January 29, 2018, including her subsequent requests for accommodation or her termination.

The court addressed the issue of exhaustion in its order, particularly noting its prior concern regarding whether plaintiff amended her EEOC charge to include her termination.

> The issue of exhaustion was previously raised by LCG in a motion for summary judgment filed on February 12, 2019 (doc. 10). Freeman filed her EEOC charge on January 29, 2018, prior to her termination. In her charge, plaintiff alleged a single violation of the ADA arising out of LCG's denial of an accommodation of plaintiff's disability on November 3, 2017. The court initially granted partial

> summary judgment on Freeman's ADA claims that were not included in her January 29, 2018 charge (doc. 14).  The basis of the court's decision was that although Freeman later informed the EEOC investigator by email that she wanted to amend her charge to include retaliation and wrongful termination, and she received directions on how to make the amendment, she did not take the required action. The court's ruling was that Freeman could not pursue her ADA claim based on wrongful termination or hostile work environment, or disparate treatment that was not included in her charge, because she failed to administratively exhaust those claims.  Freeman filed a motion for reconsideration (doc. 16) which the court granted to permit discovery on the issue of whether she properly amended her original charge (doc. 18).

ECF No. 45; PageID.2055-2056.

The court next addressed defendant LCG's argument on summary judgment that with discovery complete, plaintiff has not demonstrated that she amended her charge.  Plaintiff's response consisted of a single sentence: "The issue of the timeliness of Plaintiff's claims relative to filing and amending her EEOC complaint was decided in Plaintiff's favor previously by this court in an order issued on June 19, 2019."  ECF No. 43; PageID. 1583.  The order plaintiff refers to is the court's June 11, 2019 order granting plaintiff's motion for reconsideration (doc. 18).  This order recognized that discovery had yet to take place and that fairness dictated plaintiff be given an opportunity to conduct discovery on the issue of whether she had amended her EEOC charge.  This is far from a decision in plaintiff's favor.  If anything, the court's decision highlighted

the importance of the issue in the case and the expectation that it would be revisited after discovery.

The bulk of plaintiff's motion for clarification or reconsideration contains argument that her termination was incorporated into the EEOC's investigation of her disability discrimination claim based on failure to accommodate and therefore she is not precluded from including her termination in her claim.

"It is well-settled that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007). Additionally, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier. *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014). Yet this is precisely what plaintiff has done. Now, therefore, for the reasons stated above,

IT IS HEREBY ORDERED that plaintiff's motion for clarification or reconsideration is DENIED.

Dated:  September 3, 2020

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE